# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**06-1266**


**ELIJAH ARVIE**

**VERSUS**

**SAFEWAY INSURANCE COMPANY
OF LOUISIANA**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2003-4828-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## OSWALD A. DECUIR
### JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Oswald A. Decuir, Glenn B. Gremillion, and Billy Howard Ezell, Judges.

**AFFIRMED.**


**Gregory J. Laborde**
**Laborde & Laborde**
**P. O. Box 52564**
**Lafayette, LA 70505-2564**
**(337) 232-9928**
**Counsel for Defendant/Appellant:**
        **Safeway Insurance Company of Louisiana**

**Anthony F. Salario**
**Salario Law Firm**
**P.O. Box 503**
**Marksville, LA 71351**
**(318) 240-7123**
**Counsel for Plaintiff/Appellee:**
        **Elijah Arvie**

**DECUIR, Judge.**

This is an appeal from a judgment rendered in a case alleging an insurer's bad-faith failure to settle a claim, thereby exposing its insured to a judgment in excess of the insurance policy liability limit. Judgment was entered in favor of appellee, Elijah Arvie, and against appellant, Safeway Insurance Company of Louisiana ("Safeway"), with damages awarded in the amount of the excess judgment plus $2,000.00 in penalties. Safeway lodged this appeal. For the following reasons, we affirm the judgment.

## FACTS

Arvie's vehicle was involved in an accident while being driven by Timothy Garrett, a permissive user. Garrett leaned down to retrieve an ashtray while executing a turn and subsequently rear-ended a parked vehicle. As a result of the accident, Colby Heath, a guest passenger sustained injuries.

Heath's counsel requested notice of policy limits from Arvie's insurer, Safeway. Subsequently, counsel offered to settle for the $10,000.00 policy limits enclosing proof of medicals of nearly $4,000.00 and emergency room records reflecting a diagnosis of a facial laceration, spasms, and concussion. Safeway, declined the offer and countered with an offer of $1,250.00 plus medicals. Counsel for Heath responded that the offer was ridiculous, and cited supporting case law suggesting the obvious value of the claim. Safeway declined to increase its offer and suit was filed which resulted in a judgment in the amount of $15,315.49. Heath sought the $5,315.49 excess judgment against Arvie. Arvie filed this suit against Safeway for bad faith failure to settle the claim seeking the amount of the excess judgment plus penalties. The trial court entered judgment in favor of Arvie. Safeway lodged this appeal.

DISCUSSION

Safeway contends on appeal that the trial court erred in finding it arbitrary and capricious in its handling of this claim and in awarding attorney fees pursuant to La.R.S. 22:1220. We disagree.

Louisiana Revised Statute 22:1220 provides that an insurer "owes to his insured a duty of good faith and fair dealing." It further provides that "[t]he insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both." *See McGee v. Omni Ins. Co.*, 02-1012 ( La.App. 3 Cir. 3/5/03), 840 So.2d 1248, *writs denied*, 03-1375, 03-1382 (La. 12/12/03), 860 So.2d 1449. The supreme court has held that only those acts enumerated in La.R.S. 22:1220 (B) constitute a breach of these duties. *Theriot v. Midland Risk Ins. Co.*, 95-2895 (La. 5/20/97), 694 So.2d 184.

Louisiana Revised Statute 22:1220(B)(1) provides that, "[m]isrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue" constitutes a breach. "Misrepresentation can occur when an insurer either makes untrue statements to an insured concerning pertinent facts or fails to divulge pertinent facts to the insured." *McGee*, 840 So.2d at 1256.

An insurer's excess judgment liability is inherently a question of fact. *Smith v. Audubon Ins. Co.*, 95-2057 (La. 9/5/96), 679 So.2d 372. A court of appeal may not set aside a trial court's finding of fact in the absence of manifest error. *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989).

The trial court found that Safeway consistently failed to communicate the status of the claim to Arvie on a regular basis and, when it did, failed to communicate the pertinent facts necessary for Arvie to consider in determining what was in his personal interest. Particularly, Safeway failed to inform Arvie of the extent of

medical damages and the probability that damages would exceed the policy limits. Moreover, Safeway failed to offer Arvie input into the settlement decision or to disclose that it declined to even negotiate a reasonable settlement offer until after Heath's offer had expired. After careful review, we find no manifest error in the trial court's judgment.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Safeway Insurance Company of Louisiana.

**AFFIRMED.**